IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CARL V.,[1]                                              No. 3:24-cv-1063-HL

              Plaintiff,                          OPINION & ORDER

    v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

              Defendant.

HALLMAN, Magistrate Judge:

        Plaintiff Carl V. brings this action under the Social Security Act (the "Act"), 42 U.S.C. §

405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the

"Commissioner"). The Commissioner denied Plaintiff's application for Disability Insurance

Benefits ("DIB") under Title II of the Act. 42 U.S.C. § 401 *et seq*. The Court has jurisdiction

over this matter pursuant to 42 U.S.C. § 405. For the following reasons, the Commissioner's

decision is REVERSED and this case is REMANDED for further proceedings.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of
the nongovernmental party in this case.

## STANDARD OF REVIEW

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have power to enter ... a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal quotation marks omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

## BACKGROUND

### I.    Plaintiff's Application

Plaintiff alleges disability based on the combined effects of impairments he suffers after two heart attacks and a stroke, especially chronic fatigue. Tr. 324.[2] At the time of Plaintiff's

---

[2] Citations to "Tr." are to the Administrative Record, ECF No. 6.

alleged onset date, June 14, 2017, he was 60 years old. Tr. 444. Plaintiff applied for DIB on

February 1, 2018, alleging disability beginning August 1, 2016. Tr. 308-14. His applications

were denied initially and on reconsideration. Tr. 132-33. Plaintiff subsequently requested a

hearing, which was held on September 8, 2020 before Administrative Law Judge (ALJ) Richard

Geib. Tr. 89-119. On November 19, 2020 the ALJ issued a written opinion finding Plaintiff not

disabled. Tr. 147-63. The Appeals Council vacated the decision and ordered a remand hearing.

Tr. 166. The ALJ held a supplemental hearing on February 25, 2022. Tr. 37-88. Plaintiff

appeared and testified at both hearings, represented by counsel. Tr. 37-119. On July 13, 2022, the

ALJ issued another decision, again denying Plaintiff's claim. Tr. 12-36. Plaintiff requested

Appeals Council review, which was denied on June 6, 2024. Tr. 1-6. Plaintiff then sought review

before this Court.[3]

## II.    Sequential Disability Process

The initial burden of proof rests upon the claimant to establish disability. *Howard v.*

*Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must

demonstrate an "inability to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected ... to last for a continuous

period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person

is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. At

step one, the Commissioner determines whether a claimant is engaged in "substantial gainful

_____

[3] The parties have consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636. ECF 4.

activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141. At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c).

At step four, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5.

Finally, at step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§

404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

III.    **The ALJ's Decision**

At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity between his alleged onset date, June 14, 2017, through his date last insured of December 31, 2021. Tr. 18. At step two, the ALJ found Plaintiff had the following severe, medically determinable impairments: severe open angle glaucoma, right eye; mild glaucoma of left eye; status post lens implantations; late effects of mild stroke; hypertension; and heart disease. Tr. 19. At step three, the ALJ found no impairment met or equaled the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 19-20. The ALJ assessed Plaintiff's residual functional capacity ("RFC"), as follows:

> to perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; frequently handle and finger with the right upper extremity; and can frequently perform work involving peripheral acuity and frequent near acuity.

Tr. 21.

At step four, the ALJ determined that, "[t]hrough the date last insured, the claimant was capable of performing past relevant work as a franchise sales representative, a distribution manager, and a supervisor, electronics processing." Tr. 28. The ALJ therefore found Plaintiff not disabled. Tr. 29.

**DISCUSSION**

I.    **Symptom Testimony**

Plaintiff argues the ALJ committed harmful error by discounting his subjective symptom

testimony without a clear and convincing reason for doing so. Pl.'s Opening Br. at 2-14. [4] The
Court agrees.

A.      **Legal Standards**

The ALJ is responsible for evaluating symptom testimony. SSR 16-3p, 2017 WL
5180304, at *1 (Oct. 25, 2017). There is a two-step process for evaluating a claimant's testimony
about the severity and limiting effect of his symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th
Cir. 2009). First, the claimant must produce objective medical evidence of one or more
impairments that could reasonably be expected to produce some degree of symptoms.
*Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The claimant need not show that the
impairment could reasonably be expected to cause the severity of the symptoms, but only show
that it could reasonably have caused some degree of the symptoms. *Id.*

Second, the ALJ must assess the claimant's testimony regarding the severity of the
symptoms. *Id.* The ALJ can reject the claimant's testimony "only by offering specific, clear and
convincing reasons for doing so." *Id.* Thus, the ALJ must specifically identify the testimony that
they do not credit and must explain what evidence undermines the testimony. *Holohan v.
Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). In other words, the "clear and convincing"
standard requires an ALJ to "show [their] work." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir.
2022).

General findings are insufficient to support an adverse determination; the ALJ must rely
on substantial evidence. *Holohan*, 246 F.3d at 1208. To discredit a plaintiff's testimony

---

[4] Plaintiff frames this as two separate issues in his brief, when in reality he only challenges the
ALJ's decision to discount his testimony about chronic fatigue, but for two separate reasons. *See*
Pl. Br. at 2-14. The Court therefore considers them only under the single heading of "subjective
symptom testimony."

regarding the degree of impairment, the ALJ must make a "determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). The question is not whether ALJ's rationale convinces the court, but whether their rationale "is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499.

### B.    Plaintiff's Testimony

Plaintiff highlights a few discrete parts of his testimony he argues the ALJ erred by discounting. Specifically, at the first administrative hearing in 2020, Plaintiff testified about the fatigue he suffered as a result of his two heart attacks and recent stroke. Tr. 101. He described his fatigue as "a constant." Tr. 101. He shared that he was so tired that his daily routine would consist of "sit[ting] for a couple of hours," often with several naps, and that he would "try to do things for maybe an hour or so" before getting tired again. Tr. 101. At the close of the 2020 hearing, a vocational expert testified that a worker who is off task 20 percent of the workday or absent two days per month is incapable of competitive employment. Tr. 113

The ALJ determined that Plaintiff's medically determinable impairments could reasonably be expected to produce some degree of symptoms, but his "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 21-22. Specifically, the ALJ discussed the objective medical evidence, and Plaintiff's activities of daily living when discounting his subjective symptom testimony. Tr. 24. This Court addresses each rationale in turn.

### C.    Objective Medical Evidence

An ALJ may reject a claimant's symptom testimony if that testimony is contradicted by evidence in the medical record. *Carmickle*, 533 F.3d at 1161; *see also Smartt*, 53 F.4th at 498

("When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony.")(emphasis in original). While an ALJ may also consider the lack of corroborating objective medical evidence as one factor in "determining the severity of the claimant's pain," *Rollins*, 261 F.3d at 857, they cannot reject subjective pain testimony solely on that basis. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006); see also 20 C.F.R. § 404.1529(c)(2) (the Commissioner "will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements"). In sum, "an ALJ cannot effectively render a claimant's subjective symptom testimony superfluous by demanding positive objective medical evidence 'fully corroborat[ing]' every allegation within the subjective testimony." *Smartt*, 53 F.4th at 498 (quoting *Burch*, 400 F.3rd at 681).

Conflict with objective medical evidence was not a clear and convincing reason to discount Plaintiff's symptom testimony because the medical evidence the ALJ highlights is not actually inconsistent with Plaintiff's allegations. As the Ninth Circuit has emphasized, medical evidence must be "*inconsistent*" as opposed to non-existent, to undermine a Plaintiff's testimony. *Smartt* 53 F.4th at 498 (emphasis in original). In discounting Plaintiff's allegations of disabling fatigue, the ALJ cites the absence of corroborating medical evidence, rather than contrary objective medical evidence, which is error. For example, the ALJ notes that "[p]hysical therapy and occupation therapy records in and 2020 do not show the claimant complaining of fatigue." Tr. 24. He likewise relies on the fact that "[t]here are no complaints that he cannot do physical therapy because of fatigue, or that physical therapy resulted in significant fatigue." Tr. 24. These records do not meaningfully conflict with Plaintiff's testimony that he needs several naps during

the day, and that his overall lack of energy prevents him from working. *See* Tr. 101. Instead, these are the paradigmatic examples of an "absence of corroborating medical evidence," which the Ninth Circuit has held insufficient (standing alone) to discount a Plaintiff's symptom testimony. *Trevizo*, 871 F.3d at 679 (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006)); *see also* SSR 16-3p, 2017 WL 5180304, at *5. In sum, because the ALJ did not cite objective medical evidence inconsistent with Plaintiff's testimony about fatigue, this was not a clear and convincing reason to discount it.

### D.    Activities of Daily Living

The ALJ also discounted Plaintiff's subjective symptom testimony because it was inconsistent with his reported daily activities. Tr. 23-24. Activities of daily living can form the basis for an ALJ to discount a claimant's testimony in two ways: (1) as evidence a claimant can work if the activities "meet the threshold for transferable work skills," or (2) where the activities "contradict [a claimant's] testimony." *Orn v. Astrue,* 495 F.3d 625, 639 (9th Cir. 2007). The relevant regulations require an ALJ to consider a claimant's daily activities when evaluating subjective symptom statements. 20 C.F.R. § 404.1529(c)(3)(i). The Ninth Circuit has found such routine activities as playing video games, using public transportation, and preparing meals can undercut a claimant's testimony of disabling limitations. *Ahearn v. Saul*, 988 F.3d 1111, 1117 (9th Cir. 2021). A claimant need not be utterly incapacitated to receive disability benefits, however, and sporadic completion of minimal activities is insufficient to support a negative credibility finding. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *see Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (requiring the level of activity to be inconsistent with the claimant's alleged limitations to be relevant to her or her credibility). To discount a plaintiff's

testimony, an ALJ must cite daily activities that "meet the threshold for transferable work skills" or "contradict [a claimant's] testimony." *Orn,* 495 F.3d at 639.

The ALJ failed to identify transferable work skills or inconsistencies between Plaintiff's daily activities and symptom testimony, and therefore erred. The Ninth Circuit has instructed that a modest level of activity is not sufficient to reject subjective complaints. *Vertigan*, 260 F.3d at 1050 ("This court has repeatedly asserted that the mere fact that a Plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled") (quoting *Fair*, 885 F.2d at 603). The ALJ cites a few medical notes describing Plaintiff's ability to walk or hike, none of which meaningfully conflicts with his testimony. For one, the ALJ notes that in 2019 Plaintiff reported he could complete daily one-mile walks and two-mile hikes during the summer. Tr. 24 (citing Tr. 1196). As the Appeals Council noted in its remand order, however, Plaintiff "reported these one to two mile hikes caused him to be very fatigued the next day, which is consistent with the claimant's reported lack of stamina." Tr. 166-67.[5]  The ALJ also cites a 2021 cardiology chart where Plaintiff reported walking one mile a day and hiking three to four miles with his daughter on the weekend. Tr. 24 (citing Tr. 1375). Again, these modest activities do not undermine Plaintiff's

---

[5] The commissioner emphasizes Plaintiff's ability to walk and hike, citing to *Berry v. Astrue*, 622 F.3d 1228, 1234–35 (9th Cir. 2010). Def. Br. 3. In *Berry*, the ALJ found claimant's ability to engage in "daily walks of a mile or more" was inconsistent with his testimony that his activities of daily living were severely limited. *Berry*, 622 F.3rd at 1234-35. But a claimant's ability to walk or hike, standing alone, is not sufficient to reject symptom testimony regarding a physical disability. Rather, evidence of daily activities may be relied upon where it contradicts the claimant's other testimony. *Orn*, 495 F.3d at 639 Here, Plaintiff testified that he was able to do things such as walk or hike, but that he would then become extremely fatigued. Tr. 101. Thus, his subjective symptom testimony regarding walking and hiking was not inconsistent with his reported activities and does not provide a basis to reject that testimony.

testimony. As Plaintiff indicated, he can perform activity in short spurts, but such walking or hiking leaves him very fatigued afterwards. Tr. 101. Nor do these activities substantiate an ability to sustain competitive employment over an 8-hour day and 40-hour work week. Accordingly, Plaintiff's daily activities were not a clear and convincing reason to discount his testimony either.

Ultimately, the ALJ erred in rejecting Plaintiff's subjective symptom testimony because he failed to provide specific, clear, and convincing reasons as to why her testimony contradicted, or was undermined by, the objective medical record and his activities of daily living.

## II.    Remedy

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (citation omitted). Plaintiff asks the Court to remand for further consideration, rather than an award of benefits. Pl. Br. at 13 (requesting that "the Commissioner's decision should be remanded for the ALJ to properly consider Plaintiff's testimony."). The Court agrees that further proceedings would serve a useful purpose because there are conflicts and ambiguities in the record that must be resolved by the ALJ. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). On remand, the ALJ should incorporate Plaintiff's fatigue testimony into the RFC and consider whether it rendered him totally unable to work during the relevant period. The Commissioner's decision is reversed, and this case is remanded for further proceedings so that the ALJ can adequately evaluate Plaintiff's testimony, reformulate the RFC if necessary, and seek further VE testimony at step five, if necessary.

## CONCLUSION

Based on the foregoing, pursuant to 42 U.S.C. § 405(g), sentence four, the

Commissioner's decision is REVERSED and this case is REMANDED for further proceedings.

DATED this __11__ day of April, 2025.

_____
ANDREW HALLMAN
United States Magistrate Judge